IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

MISC. CASE NO.: 5:20-mc-4

| | |
|---|---|
| In re: ) | **MEMORANDUM IN SUPPORT** |
| ) | **OF APPLICATION OF** |
| APPLICATION OF MOTHER'S ) | **MOTHER'S MILK, INC., FOR** |
| MILK, INC., FOR *EX PARTE* ) | **AN *EX PARTE* ORDER** |
| ORDER TO OBTAIN DISCOVERY ) | **PURSUANT TO 28 U.S.C.** |
| FOR USE IN FOREIGN ) | **§ 1782(a) TO OBTAIN DISCOVERY** |
| PROCEEDINGS ) | **DISCOVERY FOR USE IN A** |
| ) | **FOREIGN PROCEEDING** |
| ) | |
| ) | 28 U.S.C. § 1782(a) |

Applicant Mother's Milk, Inc. ("Mother's Milk"), respectfully submits this

memorandum in support of its Application for an *Ex Parte* Order to Obtain

Discovery for Use in a Foreign Proceeding.

## INTRODUCTION

Mother's Milk has filed a patent infringement and trade dress action in

district court in the Republic of Korea (Case No. 2020 GAHAP 501790) with

respect to Cimilre products supplied to Motif Medical LLC ("Motif"). However,

Mother's Milk does not expect to obtain product and sales information in that

proceeding because discovery is not compulsory under Korean law. Park Decl. ¶ 5

(Application Exhibit 1). By its application, Mother's Milk seeks information for

use in the Korean proceeding, including information related to sales of the

infringing breast pump products, as well as product design and technical details related to Motif's pumps and related backflow protector products supplied by Cimilre.

## STATEMENT OF RELEVANT FACTS

Mother's Milk and its supplier, Mr. Byung Wook Min (d/b/a Uzin Medicare ("Uzin")), are owners of certain proprietary product design and technical information relating to breast pumps, parts, and accessories, including Korean patent (KR 10-1244141), known as the backflow protector patent. *Id.* ¶¶ 2-3; Humphries Decl. ¶ 2 (Application Exhibit 2). Since 2011, Uzin has been supplying breast pumps, parts, and accessories, including backflow protectors, to Mother's Milk USA for sale in the United States and elsewhere. *See* Humphries Decl. ¶¶ 1-2. The Motif backflow protector is strikingly similar in appearance to the Spectra brand protector. *See* Park Decl. ¶ 5; Humphries Decl. ¶ 5.

The discovery that Mother's Milk seeks from Motif is unlikely to be obtained in Mother's Milk's action for patent infringement in the Republic of Korea. Park Decl. ¶ 7. The Republic of Korea does not provide compulsory discovery. *Id.* ¶ 8. The information that Mother's Milk expects to obtain by its application is available in the United States and is under Motif's control. *See* Humphries Decl. ¶ 6. Accordingly, Mother's Milk seeks discovery from Motif, pursuant to 28 U.S.C. § 1782(a).

2

## **ARGUMENT**

For the reasons set forth below, Mother's Milk satisfies all of the statutory requirements of § 1782(a). The limited and specific relief that Mother's Milk seeks by its application is narrowly tailored to the particular breast pumps at issue in the Korean litigation, and is warranted based on the evidentiary showing submitted with its application. Mother's Milk, therefore, respectfully requests that this Court exercise its discretion to allow this discovery.

### A.    Section 1782 Authorizes the Discovery Requested.

Congress has expressly authorized district courts to assist persons involved in legal proceedings outside the United States in obtaining discovery for use in the foreign legal proceeding. 28 U.S.C. §1782(a). Section 1782(a) provides that the district courts may order discovery taken for use in a foreign legal proceeding. The proceeding may be anticipated and need not have been started, and the application for discovery may be made by any interested person.

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. ***The order may be made*** pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or ***upon the application of any interested person and may direct that the testimony or statement be given or a document or other thing be produced***, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in part or whole

3

the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

*Id.* (emphases added).

This Court has the authority to grant discovery under § 1782(a) if the following conditions are met:

1.    The request must be made by an "interested person";

2.    The request seeks either the "testimony or statement" of a person or the production of a "document or other thing";

3.    The evidence must be for use in a proceeding in "a foreign or international tribunal"; and

4.    The person from whom the discovery is sought must reside or be found in the district that is ruling on the application.

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004); *In re Letter of Request From Amtsgericht Ingoldstadt*, 82 F.3d 590, 592 (4th Cir. 1996); *In re Application of Blue Oil Trading Ltd.*, No. 3:09MC153-RJC, 2009 WL 3353293, at *2 (W.D.N.C. Oct. 15, 2009); *In re Application of QWEST Commc'ns Int'l Inc.*, No. 3:08MC93, 2008 WL 2741111, at *4 (W.D.N.C. July 10, 2008). Mother's Milk meets all of these requirements.

First, Mother's Milk is an "interested person." Mother's Milk is the plaintiff in the district court patent infringement action that is pending in the Republic of Korea. Park Decl. ¶ 6; Humphries Decl. ¶ 7.

4

Second, Mother's Milk seeks specific documents and deposition testimony from Motif. Specifically, Mother's Milk seeks testimony and documents regarding Motif products purchased from Cimilre, as well as drawings and other technical information regarding sales and design of Motif breast pumps and accessories for pumps having a closed-system with a barrier, such as a backflow protector, that prevents milk from overflowing and leaking into the pumping mechanism. *See* Proposed Subpoena Duces Tecum (Application Exhibit 5); Proposed Subpoena Ad Testificandum (Application Exhibit 6).

Third, the requested evidence will be used in connection with the patent infringement and trade dress claims in the Republic of Korea. *See* Park Decl. ¶ 6. This is a proceeding before a foreign tribunal.

Fourth, Motif is located in Raleigh, within the jurisdiction of the United States District Court for the Eastern District of North Carolina. *See* Arnold Decl. ¶ 4 (Application Exhibit 4).

Thus, this request is being made by an interested person. It seeks the testimony of, and the production of documents and other things from, a business in this district for use in a foreign or international tribunal.

5

**B.     Additional Factors Support the Application.**

The United States Supreme Court has identified additional factors that "bear

consideration" in deciding whether or not to permit discovery under § 1782(a).

Each of these additional factors is also satisfied here.

1.     "[W]hether the person from whom discovery is sought is a participant
in the foreign proceeding" because "the need for § 1782(a) aid
generally is not as apparent as it ordinarily is when evidence is sought
from a nonparticipant";

2.     "The nature of the foreign tribunal, the character of the proceedings
underway abroad, and the receptivity of the foreign government or the
court or agency abroad to U.S. federal-court judicial assistance";

3.     "Whether the § 1782(a) request conceals an attempt to circumvent
foreign proof-gathering restrictions or other policies of a foreign
country or the United States"; and

4.     Whether the request is otherwise "unduly intrusive or burdensome."

*Intel Corp.*, 542 U.S. at 264-65.

With respect to the first factor, Motif is not a party to the Korean litigation.

Cimilre supplies the infringing product, not Motif. *See* Park Decl. ¶ 5. Cimilre

does so in Korea, not in the United States. *See id.*; Humphries Decl. ¶ 6. The

Korean court cannot force Motif or its employees to provide testimony or evidence

related to Motif products obtained from Cimilre. *See* Park Decl. ¶ 8.

This Court, however, can. This Court has personal jurisdiction over Motif

and its employees based in North Carolina. This Court has jurisdiction to require a

Rule 30(b)(6) witness to provide testimony and for Motif to produce documents

6

and things. Doing so would greatly assist the district court of the Republic of Korea. Pretrial discovery from Motif is not available in Korea. *Id.* ¶ 7. Motif's testimony, documents, and other things that may be produced by this application will not otherwise be considered in the Korean proceeding.

Second, the Korean proceeding is a patent and trade dress infringement proceeding before a national court of the Republic of Korea. *Id.* ¶ 6. The discovery that Mother's Milk secures through this application would help inform the Korean court on the appropriate level of infringing sales for basing a damage award. *Id.* ¶ 10. Such discovery is, therefore, essential to determining an appropriate award.

The Korean district court will likely be receptive to this information as it is directly relevant and highly material to the issues that will be before it in the patent infringement and trade dress proceeding. *Id.* In another patent infringement action, the Korean court previously accepted technical and sales information discovered in the United States pursuant to a § 1782(a) application. *See* Foley Decl. ¶ 4 (Application Exhibit 3). The Korean court's receptivity to the discovery weighs in favor of granting the application. *See, e.g.*, *In re Application of PQ. Corp.*, No 6:13-mc-9-ORL-36KRS, 2013 WL 3270407, at *6 (M.D. Fla. June 26, 2013) (concluding that "Korean court's receptivity to the discovery" weighed in favor of granting § 1782(a) application).

7

The United States Supreme Court has made clear that § 1782(a) discovery is appropriate even in situations where a tribunal would not order such discovery itself, or where a tribunal might not accept all discovery properly ordered pursuant to § 1782(a). *See Intel*, 542 U.S. at 253. Foreign discoverability of the evidence is not required. *Id.* Nor is comity or parity with the foreign jurisdiction. *Id.* at 261-62.

Third, this request is not an attempt to circumvent foreign proof-gathering restrictions or other policies of either the Republic of Korea or the United States. No such restriction or policy exists. Korea does not restrict the evidence sought by this application. Park Decl. ¶ 9; *see* Foley Decl. ¶ 4. It simply does not provide for pretrial discovery and the opportunity to get discovery during the proceeding is severely constrained. Park Decl. ¶ 7.

Finally, the request is not "unduly intrusive or burdensome." Rather, Mother's Milk seeks specific and limited documents and information. The document requests and deposition topics are narrowly tailored to sales, technical, and information related to breast pump product parts Motif has purchased from Cimilre since its founding in 2015. *See infra* section C.

Each of these supplemental factors weighs in favor of Mother's Milk. Where, as here, the application satisfies the statutory requirements of § 1782(a) and the additional factors support the application, district courts in this circuit have

8

consistently permitted discovery under § 1782(a). *See In re Application of Blue Oil Trading Ltd.*, 2009 WL 3353293, at *2; *In re Application of QWEST Commc'ns Int'l, Inc.*, 2008 WL 2741111, at *4-5.

### C. Mother's Milk Discovery Requests are Narrowly Tailored.

Mother's Milk seeks only selected documents and information that are in Motif's possession, custody, or control, related to damages and infringement, namely:

1. Documents and things sufficient to establish Motif's total annual sales of Mother's Milk breast pump product and parts purchased from Cimilre since its founding in 2015; and

2. All documents and things relating to design, development, and technical details of breast pump products and parts Motif has purchased from Cimilre.

In addition, Mother's Milk requests to take a deposition of Motif pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure relating to these subjects. These discovery requests are set forth more specifically in Exhibits 5 and 6 to the application. Exhibit 5 is a proposed subpoena to produce documents and things. Exhibit 6 is a proposed subpoena to testify at a deposition. Mother's Milk proposes to serve these proposed Rule 45 subpoenas with this Court's authorization.

Mother's Milk respectfully requests this Court's authorization to pursue this discovery. Specifically, Mother's Milk requests that the Court order Motif to

9

produce documents and things on these limited subjects and to provide Rule 30(b)(6) deposition testimony on these subjects.

## CONCLUSION

Mother's Milk respectfully requests that the Court enter an order, pursuant to 28 U.S.C. § 1782(a), authorizing Mother's Milk to obtain from Motif the discovery set forth in the proposed Rule 45 subpoenas attached to the application as Exhibits 5 and 6. If any information produced in response to the requested order is deemed confidential, Mother's Milk will stipulate to a protective order to maintain the confidentiality of this information.

This the 21st day of February, 2020.

ELLIS & WINTERS LLP

Paul K. Sun, Jr.
N.C. Bar No. 16847
Kelly Margolis Dagger
N.C. Bar No. 44329
Post Office Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
paul.sun@elliswinters.com
kelly.dagger@elliswinters.com

*Counsel for Applicant Mother's Milk, Inc.*

10

OF COUNSEL

Christopher P. Foley
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (571) 203-2720
Facsimile: (202) 408-4400
christopher.foley@finnegan.com

Robert A. Weikert
Nixon Peabody LLP
One Embarcadero Center
32nd Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Jeffrey L. Costellia
Lauren J. Arnold
Nixon Peabody LLP
799 9th Street, N.W.
Washington, DC 20001-5327
Telephone: (202) 585-8000
Facsimile: (202) 585-8080

11