# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

MISC. CASE NO.: 5:20-mc-4

| | |
|---|---|
| In re: ) | |
| ) | DECLARATION OF HWAN |
| APPLICATION OF MOTHER'S ) | SUNG PARK IN SUPPORT OF |
| MILK, INC., FOR *EX PARTE* ) | APPLICATION OF MOTHER'S |
| ORDER TO OBTAIN DISCOVERY ) | MILK, INC., FOR AN *EX PARTE* |
| FOR USE IN FOREIGN ) | ORDER PURSUANT TO |
| PROCEEDINGS ) | 28 U.S.C. § 1782(a) TO OBTAIN |
| ) | DISCOVERY FOR USE IN A |
| ) | FOREIGN PROCEEDING |
| ) | |

Hwan Sung Park declares as follows:

1. I am a partner in the law firm of Lee & Ko in Seoul, Korea. I am registered to practice law in the Republic of Korea and am licensed to practice patent law. I graduated from the Seoul National University College of Law in 1992; attended the Supreme Court of Korea's Judicial Research and Training Institute in 1998; and obtained an LL.M. in 2007 from Georgetown University Law Center in Washington, D.C. I make this declaration based on my personal knowledge.

2. On March 14, 2013, Min Byung Wook, the CEO of Uzin Medicare ("Uzin"), a Korean company, obtained Korean Patent No. 10-1244141 ("Uzin's '141 patent"), which related to breast pump technology.

3. On July 26, 2019, Uzin assigned Mother's Milk, Inc. ("Mother's Milk"), a 50% interest in Uzin's '141 patent.

4. On December 24, 2019, the Assignment Agreement reflecting the 50% ownership of the '141 patent by Mother's Milk was recorded in the Korean Intellectual Property Office.

5. I have compared backflow protector diaphragms that Cimilre, a Korean company, supplies to Motif Medical LLC, and in my opinion the independent claims of the '141 patent are infringed by Cimilre's products.

6. On January 9, 2020, Mother's Milk filed a complaint against Cimilre in a Korean district court alleging patent and trade dress infringement of the '141 patent. Mother's Milk is seeking damages and injunctive relief. Sales volume and technical product information is highly relevant and material to establish infringement and damages.

7. Compulsory pre-trial discovery, as it is conducted in the United States, is not generally available in Korea. While Mother's Milk will request that the court order Cimilre to produce product and sales information, there is no guarantee that the court will issue an order, no guarantee that Cimilre will comply, and no suitable recourse if Cimilre does not.

2

8. The laws of the Republic of Korea do not provide for compulsory pre-trial discovery of factual information in the possession of a third party. The laws of the Republic of Korea also do not provide for compelling testimony at trial.

9. The laws of the Republic of Korea do not prohibit use of information obtained from discovery in the United States. Rather, such information is treated as any other evidence that a party may submit to the Korean courts.

10. Although the issue of the admission of such evidence would be in the discretion of the trial court, based on the high level of relevance and materiality of (a) Cimilre product information to establishing infringement, and (b) past and current sales information to establishing Mother's Milk's infringement damages, it is highly likely that the Korean courts would welcome such information and would receive it in evidence in the pending patent and trade dress infringement action between Mother's Milk and Cimilre.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 15, 2020

HWAN SUNG PARK
Attorney at Law
Lee & Ko
Seoul, Korea

3