# EXHIBIT 5

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina, Western Division

| | |
|---|---|
| In Re: Application of Mother's Milk, Inc., for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Motif Medical LLC
1053 E. Whitaker Mill Road, Suite 115
Raleigh, North Carolina 27604

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See Attached Schedule A**

| Place: Ellis & Winters LLP<br>4131 Parklake Ave, Suite 400<br>Raleigh, North Carolina 27612 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                *CLERK OF COURT*

                                                  OR

_____      _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Mother's Milk, Inc. 2180 SW 71st Terrace, Davie, Florida 33317 , who issues or requests this subpoena, is:
Paul K. Sun, Jr. (paul.sun@elliswinters.com), Ellis & Winters LLP, 4131 Parklake Ave, Suite 400, Raleigh, North Carolina 27612; tel. (919) 865-7014.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

  I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

  ☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____; or

  ☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

  I declare under penalty of perjury that this information is true.

Date: _____

                   _____
                           *Server's signature*

                   _____
                           *Printed name and title*

                   _____
                           *Server's address*

Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A
# TO RULE 45 SUBPOENA DUCES TECUM
# TO MOTIF MEDICAL, LLC

## DEFINITIONS AND INSTRUCTIONS

A.  The following definitions and instructions apply to all of Mother's Milk's discovery requests:

1.  The terms "Mother's Milk" and "Spectra Baby" refer specifically to Mother's Milk, Inc., its officers, directors, employees, representatives, partners, agents, and any parent, subsidiary, or affiliate corporation(s).

2.  The terms "Motif Medical" and "Motif" refer to Motif Medical LLC, its officers, directors, employees, representatives, partners, agents, and any parent, subsidiary, or affiliate corporation(s), successors, and assigns.

3.  "You" and "your" means a Motif witness competent to testify regarding Motif breast pump products and sales purchased from Cimilre, a Korean Corporation.

4.  "Communication" means the transmission of information (whether in the form of facts, ideas, inquiries, responses, or otherwise).

5.  "Document" means all things defined as documents as used in the Federal Rules of Civil Procedure and, in particular, Fed. R. Civ. P. 34 (a), and shall mean any and all information, whether in tangible or other form, whether

printed, typed, recorded, computerized, filmed, reproduced by any process, or written or produced by hand, and whether or not an original, draft, master, duplicate, copy, or annotated version thereof that is in your possession, custody, or control, whether in the United States, or in any foreign country. A draft or non-identical copy is a separate document within the meaning of this term.

6. "Person" means any natural person or any business, legal, governmental, or juridical entity or association.

7. "Referring" or "relating to" means constituting, comprising, concerning, regarding, mentioning, containing, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, memorializing, or discussing, whether directly or indirectly and whether in whole or in part, and should be given the broadest possible scope consistent with the Federal Rules of Civil Procedure.

B. The following rules of construction shall apply to all of Mother's Milk's discovery requests:

1. The terms "all" and "each" shall be construed as all and each.

2. The conjunctions "and" and "or" shall be construed conjunctively or disjunctively, as necessary to bring within the scope of these discovery requests all responses, information, and things that might otherwise be construed to be outside their scope.

2

3. The use of the singular form shall include within its meaning the plural form, and vice versa.

4. The use of the masculine form shall include within its meaning the feminine form, and vice versa.

5. The use of any tense of a verb shall include within its meaning all other tenses of the verb.

C. Where an objection is made to any document, request, or sub-part thereof, pursuant to Fed. R. Civ. P. 34, state with particularity and in detail all grounds for the objection. Any grounds for objection that are not stated explicitly in your objections, within the time provided by the Federal Rules of Civil Procedure or by the court including any extensions thereof, will be waived.

D. Where you assert a claim of privilege or work product in objecting to any document request, or sub-part thereof, and you decline to answer based on the assertion, the attorney or person asserting the privilege shall in the objection to the request, or sub–part thereof: identify the privilege being claimed; and provide the following information:

1. For documents:

   a. the type of document;

   b. general subject matter of the document;

   c. the date of the document; and

3

    d. such other information as is necessary to identify the document for a subpoena duces tecum, including the author of the document, each addressee of the document, and the relationship of the author to the addressee.

  2. For oral communications:

    a. the name of the person making the communication, the names of all persons present while the communication was made, and the relationship of each person to the others;

    b. the date and place of the communication; and

    c. the general subject matter of the communication.

 E. If any requested document is asserted to contain confidential business information, designate the allegedly confidential information and produce the document along with the designation and Mother's Milk agrees that it will limit the disclosure of such document to its outside counsel working on this matter, until such time and as an appropriate Protective Order is entered or the court rules that the document is not entitled to treatment as confidential information.

 F. Electronically stored information shall be produced in text-searchable image files (e.g., TIFF or PDF) with mat load files in Concordance database format, or other readily usable format agreed on by the parties.

# REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Documents and things sufficient to establish total annual sales of each type of Motif breast pump and individual parts and accessories purchased from Cimilre, from 2015 to present.

2. All documents and things relating to the design and operation of Motif breast pumps purchased from Cimilre, from 2015 to present, as well as related parts and accessories, including, but not limited to, the following:

    a. drawings;

    b. videos, photographs, or computer images; and

    c. technical documentation that describes and/or shows the design and/or operation of a breast pump, or an accessory for each pump.

3. All documents and things, including videos, photographs, or computer images relating to breast pump protectors used on or in connection with current or prior Motif breast pumps not supplied by Cimilre, from 2015 to present.

4. A sample of each style of breast pump protector provided by Cimilre, from 2015 to present.

5